# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2025

Lyle W. Cayce
Clerk

———————

No. 25-10511
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PEDRO CESAR VILLALOBOS-ESPINOZA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-266-1

———————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Pedro Cesar Villalobos-Espinoza appeals from his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing that the district court unconstitutionally enhanced his sentence under § 1326(b) based on a prior conviction that was not charged in the indictment and either admitted by him or found by a jury beyond a reasonable doubt. He concedes

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10511

that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he seeks to preserve the issue for further review. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file a merits brief.

The parties are correct that the sole argument that Villalobos-Espinoza raises on appeal is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (stating that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The alternative motion for an extension of time is DENIED.